Next matter for the morning is Henry v. BIA I would call upon Ms. Deitchie. Good morning, your honors. May it please the court, my name is Jacqueline Dungey. Sitting at the council table with me is Kristen Barrett. We represent the petitioner in this case, Derek Anthony Henry. And I'd like to reserve three minutes for rebuttal, please. That request is granted. Ms. Dungey, one of our colleagues on this court, uses from time to time in oral argument questions another metaphor. So I'll borrow from her and ask you why our impounded decision, Judge Becker's opinion in that case, is not game, set, and match in this case. Your honor, the decision in Reign, the opinion in Reign impounded, is different from our case and not controlling here today. First, the core offense in that case was a carjacking. The juvenile in that case was charged with robbery, assault, and possession. I understand the fact that there are factual distinctions in every case, Ms. Dungey. But bottom line in impounded was that the relevant statute had language, had a prong that was with intent to use the same unlawfully against another. Isn't that precisely what we have here? Yes, it is. However, the court's analysis in Reign impounded, the basis for the court's holding in that case, was the analysis under the sentencing guidelines, which in 2004, the U.S. Supreme Court in Leah Colby Ashcroft told us isn't the appropriate standard to analyze the definition of crime and violence under 16. Leah Colby was a DUI case. Absolutely, I agree. Nor did it have the same with intent language as exists in impounded and in the New York statute that is at issue here in the Henry case. I agree with that. However, the Supreme Court, while the specific crime issue was different, I readily admit, however, the Supreme Court instructs us on what the appropriate analysis is to be under 18 U.S.C. section 16B. And it specifically rejects use of the definition of a crime of violence under the sentencing guidelines, which is what the court in Reign impounded relied on in reaching its decision. And, in fact, if the court had had, if Leah Colby had decided before in Reign impounded, while I think that the ultimate result in Reign impounded would have been the same, it would have been the same for a different reason. The court in Reign impounded. Judge Becker in impounded wrote this, Certainly, if someone intends to use a dangerous weapon, then there is, quote, substantial risk that physical force may be used. Now, is there anything in Lee et al. that ought to make that language, or for that matter, impounded in its entirety, no longer good law within this circuit? Yes. Because Lee et al. instructs that the focus of the analysis under 16B is on the substantial risk of use of force during the commission of the crime. You have to look at the specific crime at issue and whether or not there's a substantial risk of use of force during that crime. Lee et al. tells us the classic example of a 16B crime is poker. And specifically, it says burglary is covered under 16B, not because someone may be injured, but because burglary by its nature involves a substantial risk that the burglar will use force during the commission of the crime. And that's the two phrase in that statute, and Lee et al. tells us that we focus on that. All right, so why would that preclude us from finding, or concluding, rather, in this case, that what we have is a 16B felony when the New York penal law at issue uses the language with intent to use the same unlawfully against another? Because criminal possession of a weapon with intent to use the same unlawfully against another. Criminal possession of a weapon with intent to use under New York law is the actual act of that crime is no different than mere possession. Oh, no, no, there's a separate statute for possession under New York law. Absolutely. He wasn't charged with that. He was not charged with possession. I completely agree with that. The Court of Appeals in New York has explained that the essence of the conduct criminalized under 265.03 is possession. In People v. Alavero Bar and the People v. Pons, in a different context, the Court explained where that justification is not a defense to 265.03 because use of force is not at issue in that section. All right, Ms. Dungey, let's just assume for the moment that you're correct and that Lea Cal has called into question our founding decision. Fast forward, we've got Tran, post-Lea Cal, Dungey. And again, our distinguished and departed colleague, Judge Becker, wrote the Tran opinion, and there we held that a crime of violence under Section 16b must involve a substantial risk that the actor will intentionally use physical force in committing his crime. Can you really look at this statute? This New York penal statute that by its explicit terms talks about with intent to use the same unlawfully against another does not square precisely with Judge Becker's Tran language. That is, a crime of violence that involves a substantial risk that the actor will intentionally use physical force. Yes. Tran involved, the crime in Tran was a reckless burning of a body, I believe. And I think that the statutes at issue are kind of comparing apples to oranges. I think that the analysis of Tran is consistent and still focuses on whether or not there is a substantial risk, because I agree that that's the standard, substantial risk, use of force, during the commission of the crime. I think that the Third Circuit's opinion from last year in the United States, behold, is instructive here. In that case, the crime being analyzed was possession of a pipe bomb. Right, and Hull used the in furtherance of the offense line. Agreed. And the court in Hull repeatedly emphasized that the focus is on whether or not the risk of physical injury arises during the course of committing the crime. The key here is that when the individual possesses the weapon with the intent to use, at that point the crime is complete. Any additional, any effect of that, which we don't look at in this analysis, is a different crime, is a later crime, is some other crime that isn't specifically at issue under this analysis. And I'll keep going back to the particular example, because I think it is an excellent example, because you can see how that applies under 16b, because when someone enters a home, there is a risk that while they're burglarizing the home, they can physically damage the property or injure someone in the home. So you can definitely see how in the course of committing that specific crime and only that crime was done. Ms. Dungey, even in Hull, wasn't Hull a mere possession case? Nothing more. Mere possession. Agreed. That's not what we have here. That's true. And I think that when we look at the New York statute and we look at the way that the New York statute is interpreted, that the essence of that crime is still the same and the actual conduct is still the same. When you're looking at the specific nature of the offense, and I think it's in People v. Pons, the court said, the intent to use and use of force are not the same. They're different. And during the course of committing the possession with intent to use, there is no use of force. No, no, but if he actually used force, then he would have been accused of burglary or robbery and so forth. But how do you distinguish? It went over my head. How do you distinguish the facts of this case from Impounded? I just repeat what you said to Judge Smith. Certainly. In Ray Impounded, that case involved a carjacking where the juvenile, with the use of a gun, threatened the individuals of the vehicle with the gun and stole the vehicle. He was charged with robbery, assault, and possession with a weapon during the commission of the crime. That's another important fact, important component. He wasn't charged with the actual crime, though. He was. In federal court. He was. The analysis. Not in federal court he wasn't, no. In other words, I'm talking about the federal action. Right. The basis of the federal action was a crime of violence. In federal court, he was not charged with the substantive crime. My understanding was that the court was only analyzing whether or not the least serious crime was a crime of violence. My understanding was that all of those charges were being transferred to the federal court. I don't understand it that way. I'm sorry. I don't recall the exact specifics. I think he was charged with other crimes. Right. But the precise issue that Judge Becker was dealing with was just the possession charge. There was nothing else. Agreed. His specific analysis was under the possession charge. However, the statute of conviction, the weapon possession, if I may just quickly. No, you have to deal with the facts of impounded, not what the underlying offense in state or in the V.I. was. You have to deal with the analysis of impounded. How did the facts of that case differ from the facts of your case where your client is not accused of the underlying crime of robbery or burglary? He's accused of possessing it with intent to use it for something like that. Now, what's the difference between that and what the facts were of impounded? And I think what is important to point out to answer your question is that the possession statute that he was charged with, that statute was different from our statute in that it contemplated possession of a weapon with intent to use during a crime of violence, which is what he was charged with in that case. Now, Judge Becker's analysis, he assumed but did not hold that he had to follow a categorical approach and only looked at the possession with intent. But the actual crime he was charged with, the possession crime he was charged with, was possession of a weapon with intent to use during a crime of violence, which is what he did. But to convict someone under that provision, you would not have to prove that they actually committed a crime of violence, would you, under Judge Becker's analysis? It would depend on what part of the statute he was being charged with. The part that Judge Becker affirmed the underlying case on. Right. But what I think that... He never analyzed or found, as a matter of fact, that the underlying crime was in fact committed, only that he possessed it with intent to do it. Correct. And that was because Judge Becker assumed but did not hold that he would follow the categorical approach in analyzing the statute and not look at the conduct. However, he would have definitely reached the same result following the modified approach and then actually seeing what he was actually charged with, which was possession of a weapon with intent. But he only used a categorical approach. He didn't use a factual analysis. Correct. But he wasn't constrained to do that. Okay. I got you. Thank you very much. We'll have you back on the phone. Thank you. Ms. Bosk. May I please be called Ada Bosk for the United States? I guess I'll start by addressing Impounded, which the Court asked us to address. It doesn't matter, does it, that Impounded was interpreting Section 5032 of Title 18 rather than Section 16 of Title 18? We don't believe it does, Your Honor, because the Court in its decisions in footnote 12, I believe, specifically says that the language that... And the crux is that the statute, the Virgin Islands statute that is at issue there, which is, again, remarkably similar to the New York statute that is here, requires not just possession, but it requires possession with intent to use a loaded weapon unlawfully against another. And we believe that it is each element of that crime is what makes this a crime of violence, not just the mere possession crime as in Hull, and certainly not subject to the Supreme Court's analysis in Leo Cole, which deals with recklessness and negligence. This is something above possession. It is possession with intent, which is exactly what the Court looked at in Impounded. It is also what the Board looked at in light of the Second Circuit's decision in Dillard, which also dealt with another New York statute and, again, was found to be a crime of... that the Second Circuit found to be a crime of violence. There, the Court looked at each of the crimes, that is, that each of the crimes that there's a substantial risk, that there is... the physical force may result from committing the offense. And it went through each of those and identified how a crime like this satisfies each of those. The Court here in Impounded found that possession with intent to use a weapon unlawfully necessarily carried with it the substantial risk that there would be... a physical force would result from that. And that is essentially what the definition of a crime of violence is under 16b. The New York Court in Dillard focused on the substantial risk element of that, which we believe here is satisfied by the added language. The statute that the New York Court was looking at dealt with a possession by a person that had been previously... that was a felon, that had previously been convicted of a felony. So in that way, it's a slightly different analysis, but here, frankly, we think it's a stronger case because this statute expressly requires intent to use a loaded weapon unlawfully against another. And I guess I would focus... address some of the arguments concerning how the New York Courts have interpreted that. I think there's a misunderstanding of what the Pons decision holds. The Pons decision essentially finds that possession is a continuum, and while justification may not excuse the ultimate use of a weapon, it may not necessarily excuse possession before the ultimate use if that possession is with intent to use the weapon unlawfully. It didn't hold, and the courts subsequently have found, that justification is never a defense, just that in that particular case, the defense was only applicable to the ultimate use. And I guess I would also emphasize that to be a crime of violence, there has to be a substantial risk that physical force may be used. I think there's a confusion... or there is the tendency to either look at it as either possession, simple possession, or an ultimate use. And it does not, under the statute, have to be that extreme. Frankly, we believe our... this particular statute falls squarely within the crime of violence because it does create a substantial risk that physical force will be used. The court in Dillard was very clear that to be a crime of violence does not necessarily mean that there ultimately has to have been a use of that weapon. Turning also to Dillard, sorry, to Impounded, as counsel sort of said toward the end of her argument, the court in Impounded, as this court must here, looked strictly at the language of the statute, not at the facts, the underlying facts as to whether the particular individual, the juvenile there, had been convicted of something else. It was looking strictly at what the provisions of the original statute there said and comparing that statute to the crime of violence statute, 16b. And it found, as this court clearly knows, that it did constitute a crime of violence because the key language in this statute, as in that statute, is that there was an intent to use a loaded weapon unlawfully against another. And it is that that necessarily carries with it a substantial risk of physical force. I would also add, just briefly, that, again, this is not, the whole is different as well, as the court noted already, in that the whole certainly involves possession. I would note that the jury instructions here that have been cited define intent as the conscious objective. And frankly, that is the key, is one of the key provisions of this statute, which makes it a crime of violence. And so for those reasons, unless the court has any questions, I will. Thank you very much, counsel. Ms. Dungey, you have her bucket. Thank you. I think the government's analysis focuses, improperly focuses on the potential effect of the crime and not what is actually occurring during the crime. And I think that that's where, also why the analysis in Wrang Pounded isn't binding today. Because legal, and again, in United States Behold, the court specifically rejects use of the definition of crime of violence under the sentencing guidelines. In that case, in that definition, the court's focus on, or the definition of whether or not there's a serious potential risk of physical injury. That is much broader than substantial risk of use of force during the commission of a crime. And the court's, the government's entire focus is on the effect, as opposed to what is actually taking place during this crime. And again, I guess the only other thing I would say is that people be Pons and people be Amadovar, clearly distinguish between intent to use and actual use of force. And you can tell that intent to use, possession of intent to use is, in essence, in its own words, in essence, no different than possession. For those reasons, I would ask that Your Honors reverse the decision of the Court of Immigration Appeals and hold, as the immigration judge did in this case, that this specific crime is not a crime of violence and, therefore, not an aggravated felony. Thank you very much, Ms. Dungey. Ms. Dungey, Ms. Pons, we thank you very much for a well-argued case, and we'll take the matter of your advice. And then we'll call the final argument.